## FRANCIS D. A. CONGER *vs.* ELLEN CONGER.

A wife having left her home with the consent of her husband with the intent of spending the holidays with her mother, her subsequent change of purpose and refusal to return will not convert such absence into a wilful desertion from the time of leaving her home within the act relating to divorces.

---

THE CHANCELLOR. The case made by the complainant's bill is sustained neither by the evidence nor by the report of the master. The bill seeks a divorce on the ground of a wilful, continued, and obstinate desertion of the complainant by his wife for the term of three years. The bill was filed on the 8th of December, 1860, and claims that the desertion took place three years prior to that time. The master reports that the defendant deserted her hus-

band before the 8th day of December, 1860, and that she has absented herself from him for the space of three years. That, if true, is wholly immaterial, for the report bears date on the 7th of March, 1861. The master does not report that the defendant deserted her husband before the 8th day of December, 1860, and three years before the filing of the complainant's bill, which was the material point of inquiry. He could not have intended so to report, for the evidence warrants no such conclusion.

The bill charges that the wife continued with her husband till *about* thanksgiving day, 1857, when she left home professedly on a visit to her friends in Buffalo; that about *two weeks* after she so left the complainant went to Buffalo, and found her at her mother's house, and that she then declined to return with her husband to Newark, on the ground that she wished him first to leave his father's, and procure a house to live in.

The complainant's father swears that the parties were married in the fall, *about three months before* she went away. The evidence shows that the marriage took place on the 20*th of September*, 1857. This would fix the time of the defendant leaving home at or about the 20th of December; and that this was about the time of her departure is rendered highly probable from the fact that both the witnesses testify that she left Newark upon an invitation from her mother to come home to Buffalo and spend *the holidays*. The bill charges that the husband went for her about two weeks after she left him. If she left on the 8th of December, and the husband went for her in two weeks, he must have gone for her before the holidays, which under the circumstances he would not have done, and which the evidence shows he did not do. On the contrary, the evidence shows that it was probably as late as the middle of February when the complainant went for his wife. The circumstance testified to by the witness, that the wife left her husband a few days after thanksgiving is of no weight whatever. It is not

shown when thanksgiving day in 1857 occurred, and if it was, what is meant by a few days after—a week? a fortnight? or a month?

But if it had been clearly shown that she left Newark more than three years before the filing of the bill, a case of desertion for three years is not established. There is no evidence that she left Newark with any intention of deserting her husband. She left Newark, and went to Buffalo upon the invitation of her mother to spend the holidays at home. Upon this point the evidence is clear and uncontradicted. When her husband went for her she was found at her mother's house. The husband testifies that when she left home it was with the intention of going on a visit. He expected she would come back of course. He prepared for her return by taking a house, furnishing it, and getting in his coal. He had, it would seem, no intimation of her intention not to return until his visit to Buffalo in February or until the receipt of her letter of the 1st of March. If she left home with the consent of her husband, with the *bona fide* purpose of spending the holidays with her mother, her subsequent change of purpose cannot convert such absence into a wilful desertion of her husband and a criminal violation of her marital duties.

There is a total failure of evidence to support the complainant's bill. Upon such evidence it is not surprising that the master failed to report in favor of the complainant. The only matter of regret is that he did not report, in accordance with the evidence, unequivocally and directly against the prayer of the bill.

The bill must be dismissed.